# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| RACHEL FRAZIER, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIV. ACTION No. |
| | § | |
| GALDERMA LABORORATORIES, LP | § § | |
| | § | JURY TRIAL DEMANDED |
| *Defendant.* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff brings this action, Rachel Frazier ("Plaintiff") against Defendant Galderma Laboratories LP ("Defendant") for violating Title VII of the Civil Rights Act of 1964, as amended and as amended.

### a. Jurisdiction

2. This Court has jurisdiction over the federal claims asserted herein in that they arise out of the United States laws. See 28 U.S.C. § 1331 and 29 U.S.C. § 2617. This Court has supplemental jurisdiction over the Texas State and common law claims under 28 U.S.C. § 1367. 17

### a. Venue

3. Venue lies in the Northern District of Texas under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim Took place within this judicial district.

## EXHAUSTION OF ADMINISTRATION REMEDIES

4. Before filing the Original Complaint, Plaintiff timely filed with the United States Equal Employment Opportunity Commission ("EEOC") within the appropriate number of days, her written initial

PLAINTIFF'S ORIGINAL COMPLAINT Page 1

charge of discrimination based on her race and her age. (Exhibit 1)

    a. In conformance with the law, Plaintiff has filed this action before the expiration of ninety (90) days from the date of receiving her Notice of Rights, aka "right to sue" letter from the United States Equal Employment Opportunity Commission (EEOC)

    b. Plaintiff filed a complaint with The EEOC (Exhibit 1) on October 25, 2020. The EEOC accepted her verified complaint and filed a Discrimination charge dated October 25, 2020. According to *EEOC v Vantage Energy Services, Inc.,* 954 F.3d 749 (5th Circ. 2020), her charge relates to the date she filed her complaint with C.R.D. All acts of discrimination by Defendant occurring 300 days to this complaint are chargeable.

    c. Plaintiff received her Notice of Rights, aka "right to sue"(R.T.S.) letter from the EEOC, postmarked January 7, 2021, on January 9, 2021. Plaintiff has exhausted all administrative remedies; therefore, all conditions precedent to Plaintiff maintaining this civil action have accrued, occurred, or been waived. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

## CONDITIONS PRECEDENT

5. To Plaintiff, all conditions precedent bringing her claims against Defendant for Discrimination, based on race.

## PROTECTED CLASS MEMBERSHIP

6. Plaintiff brings this lawsuit under 42 U.S.C. §2000e et. seq. (Title VII): Title VII prohibits employers from discriminating "against any individual concerning their compensation, terms, conditions, or privileges of employment because of such individual's race, color, age, religion, sex or national origin. *See* 42 U.S.C. §2000e-2(a).

7. Plaintiff sues under 42 U.S.C. §1981 and other similar statutes, prohibiting employers from race discrimination. Plaintiff identifies that she is a member of the following protected classes:

    a. African American female

    b. Filed a complaint with EEOC concerning unlawful employment conditions

and filed her Original Complaint with this Court.

8. Plaintiff identifies that she is a member of one or more of the protected classes specified in paragraphs above under Federal statutes and defined within the Texas Commission on Human Rights Act (TCHRA), which is codified in Chapter 21 Texas Labor Code and other similar statutes.

## PARTIES AND SERVICE

9. Plaintiff Rachel Frazier is an individual who is a resident of Frisco, Texas. She is an "employee" as that term is defined by 42 U.S.C. §2000 (f), 29 U.S.C.§630(f), and 29U.S.C.§203(e)(1)

10. Defendant may be served with citation by serving its registered agent.

## BACKGROUND FACTS

11. Defendant is the North American operation of Swiss firm Galderma Pharma. As part of its business, Defendant focuses exclusively on developing over-the-counter and prescription dermatology products.

12. Defendant hired Plaintiff in early October of 2019 as a Talent Acquisition Specialist. Marrika S, Talent Acquisition Manager (white female), used K-FORCE, an employment agency assigned to the Plaintiff. At all times during the Plaintiff's tenure, Defendant was the primary employer. Plaintiff reported to Defendant at its facilities, and Defendant, in all respects, supervised Plaintiff. K-FORCE is the secondary employer and only performed payroll functions.

13. Other team members on which Plaintiff worked were one African American female over 40, one white female under 40, one white female over 40, and one Hispanic female. The Human Resources Global Director is Chad T, a white male.

14. Marrika S. did not train Plaintiff as others on the team, neither did she give Plaintiff much

feedback. Despite this, Plaintiff became a top performer on the team.

15. In November of 2019, Defendant expanded its operations and began the sixty positions for the Aesthetic Business unit. Marrika S. and Chad T T assigned Plaintiff to work with two managers who were considered difficult to work with. Marrika S. and Chad T T told her that she was "strong and tough," which is why she was assigned to them. Despite this, Plaintiff performed well for her new managers, who gave her glowing reviews.

16. In December of 2019, Marrika S. and Plaintiff conducted a meeting with the entire Finance Department. Amy B( white female), a recent hire as a Talent Acquisition Consultant, also attended. Francis E, an African- American male, asked the persons in attendance what efforts were being made to ensure that the candidates selected met the company's diversity and inclusivity goals. Plaintiff was the only person who responded.

17. Later, Marrika S. confronted Plaintiff, who informed her that a person in attendance, a white female named Elizabeth, communicated that Plaintiff's remarks were inappropriate. Plaintiff had "no business" speaking up. Plaintiff asked Marrika S. her opinion of the event, and Marrika S. told Plaintiff that she agreed with Elizabeth and that Plaintiff's remarks sent the discussion in the wrong direction.

18. Within a few days of this conversation, Marrika S. transferred Plaintiff's active account to a white female. Plaintiff had developed a productive relationship with a hiring manager who gave her glowing reviews. When Plaintiff discussed the move with the hiring manager, he was disappointed and was not informed about why the change took place.

19. In February 2020, Marrika S. informed Plaintiff that she would transfer many of the prospects she was working to Amy (white female) to have "some wins." Amy had yet to close any deals on her own.

20. On February 20, 2020, Amy made a false accusation against Plaintiff, accusing her of violating company policy. Plaintiff had documentary evidence to prove that Amy fabricated the entire story. Marrika S. did not take any action against Amy.

PLAINTIFF'S ORIGINAL COMPLAINT Page 4

21. March of 2021. Marrika S. reduced Plaintiff's assignments, making it more difficult for her to reach her goals. At the same time, Marrika S. assigned Amy twice as many. On March 4, 2020, Marrika S. talked with Plaintiff and expressed that in her opinion, Plaintiff did not show proper respect to her.

22. On March 13, 2020. Chad T sends Plaintiff an email complimenting her on her excellent work.

23. On March 16, 2020.  Marrika S. terminates Plaintiff. She first cited poor performance because, When Plaintiff challenged her, she then cited that it was due to COVID 19 and she didn't need Plaintiff any longer.

24. There were no other persons furloughed due to COVID 19.

25. Plaintiff was a top performer and had never been warned nor placed on any performance improvement plan before her termination.

26. Marrika S. communicated negative comments to K-FORCE and has made it difficult for Plaintiff to obtain employment.

27. Plaintiff is unable to find work commensurate with her experience and at the rate of pay she earned when she worked for Defendant.

28. Defendant's negative employment references prevent her from finding employment commensurate with her experience.

29. During her tenure, Plaintiff's performance consistently met or exceeded Defendant's minimum requirements.

## COUNT 1 DISCRIMINATION BASED ON RACE

Plaintiff incorporates by reference the facts outlined in paragraphs 1-29. Defendant's actions violate Title VII of the Civil Rights Act of 1964; as amended, Plaintiff suffered damages due

PLAINTIFF'S ORIGINAL COMPLAINT Page 5

to Defendant's unlawful actions. Defendant's actions were intentional. Plaintiff has not been able to find work commensurate with her experience and qualification because of Defendant's negative remarks to prospective employers.

### COUNT II RETALIATION

30. Defendant retaliated against Plaintiff for engaging in protected activity by;
31. Termination
32. Adverse actions while employed; reducing leads which made her job more difficult.
33. Plaintiff seeks all damages allowed under the law, including:

34. Injunctive relief.

35. Actual damages.

36. Compensatory damages, including employment benefits, together with interest onsaid amounts, and any other economic injury to Plaintiff.

37. Equitable relief, including reinstatement to the previous position.

38. Punitive damages.

39. Court costs.

40. Reasonable attorney's fees.

41. Back pay, front pay, and other compensation for wages lost as a result of the termination; and

42. Pre- and Post-judgment interest at the maximum rate allowed by law.

### ATTORNEYS' FEES AND COSTS

43. Plaintiff incorporates each of the preceding paragraphs.

44. To redress Plaintiff's injuries based on Defendant's and Defendant's agent's actions, Plaintiff has retained the undersigned counsel to represent her in this action.

### JURY DEMAND

45. Plaintiff demands a trial by jury, and the necessary fees have been tendered.

### REQUESTS FOR DISCLOSURE

46. Under rule 26 of Federal Civil Procedure, Plaintiff requests that Defendant disclose, within 14 days of service of this request, the information or material described in the above-referenced rule.

## **CONCLUSION**

47. WHEREFORE, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer and that upon the final trial of this matter, that all the relief sought to be granted to Plaintiff, and any other such further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Andrew A Dunlap

Andrew A. Dunlap (lead counsel)

TBN 06231700 6565 N. McArthur Boulevard Suite 140
Irving, Texas 75039
972-807-6357
214-614-5160 telecopy
andrew@dunlapattorneys.com


**ATTORNEY FOR THE PLAINTIFF**